SCHUYLER (ROBERTS v.). See Case No. 11,915.

---

## Case No. 12,496.

### SCHUYLER STEAM TOWBOAT LINE v. NEWTON.

[9 Reporter, 233;[1] 21 Alb. Law J. 82.]

Circuit Court, S. D. New York. Dec., 1879.

INJUNCTION — GOVERNMENT OFFICER — INTERNAL IMPROVEMENT.

Where a general plan of an improvement of a river is laid before congress, and appropriations are made afterwards, and a specific contract has been approved by the secretary of war, an injunction will not be granted to prevent the completion of the work.

Motion for injunction.

[The defendant, General Newton, is a colonel of engineers in the United States army, and has been detailed by the secretary of war to improve the navigation of the Hudson river. The complainant's bill charges that General Newton proposes to build a dike across the east channel of the Hudson river, between Barren Island and New Baltimore, a portion of the river about fourteen miles below Albany, to the great and irreparable injury of the navigation of the river at that point. In answer to these allegations, General Newton averred that he was engaged under the direction of the secretary of war in improving the navigation of the Hudson river by a system of parallel dikes, and that the proposed dike complained of would, when built, throw the ebb and flood tides through the west channel and over the vast shoal known as "Willow Island Middle Ground," thereby clearing such shoal away, and leaving a broad, deep and permanent channel, over 900 feet wide, as he has already done at a point just above on the river, known as "Coeyman's Middle Channel."][2]

---

BLATCHFORD, Circuit Judge. I think on the whole case before me the plaintiff has not succeeded in establishing its right to a preliminary injunction. The general plan of the improvement which the defendant is carrying out in respect to the dike across the existing eastern channel was laid before congress, and it therefore made the appropriations it made by the acts of 1878–1879 [20 Stat. 159.363], "for improving the Hudson river," the money "to be expended under the direction of the secretary of war," and a specific contract for constructing the dike is shown to have been approved by the secre-

tary of war. The weight of the evidence is, that what is sought to be done will, when completed, be an improvement of the navigation of the river and that the means adopted to that end are not improper. The experience of the past contributes largely to the belief that what is now sought to be done will improve the navigation. On the present state of affairs no injunction ought to be granted, and the temporary injunction must be dissolved.

Motion denied.